**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ANGELA JACKSON, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT** |
| CREDENCE RESOURCE | ) |
| MANAGEMENT LLC, a Nevada | ) **JURY TRIAL DEMANDED** |
| Limited Liability Company; | ) |
| CREDENCE GLOBAL SOLUTIONS | ) |
| LLC, a Delaware Limited Liability | ) |
| Company; and KRIYA CAPITAL | ) |
| LLC, a Delaware Limited Liability | ) |
| Company, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Angela Jackson, Plaintiff, and states the following Complaint against Defendants CREDENCE RESOURCE MANAGEMENT LLC, CREDENCE GLOBAL SOLUTIONS LLC, and KRIYA CAPITAL LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*

## JURISDICTION AND VENUE

1.

This action arises out of Defendants' illegal and improper efforts to collect a consumer debt, and includes violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA") and Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq.* ("FBPA"), and Plaintiff's claims under these statutes are so related that they form the same case or controversy.

2.

Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 & 1337, as well as 28 U.S.C. § 1367 (Supplemental Jurisdiction).

3.

This Court has personal jurisdiction over the Defendants for the purposes of this action because Defendants transact business in the State of Georgia, the committed acts that form the basis for this suit occurred within the State of Georgia, Defendants targeted Plaintiff, a Georgia resident, in the State of Georgia, and Defendant CREDENCE RESOURCE MANAGEMENT LLC has a registered agent in the State of Georgia.

4.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because Defendant CREDENCE RESOURCE MANAGEMENT LLC has a registered agent located within this District.

## PARTIES

5.

CREDENCE RESOURCE MANAGEMENT LLC is a Nevada Limited Liability Company with a principal place of business at 4222 Trinity Mills, Suite 260, Dallas, TX, 75287, and a registered agent in Gwinnett County, Georgia, named Corporation Service Company and located at 2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA, 30092.

6.

CREDENCE GLOBAL SOLUTIONS LLC is a Delaware Limited Liability Company that, upon information and belief, regularly transacts business within the State of Georgia, including targeting Georgia residents for the collections of debts in the State of Georgia.

7.

KRIYA CAPITAL LLC is a Delaware Limited Liability Company that, upon information and belief, regularly transacts business within the State of Georgia, including targeting Georgia residents for the collections of debts in the State of Georgia.

FACTUAL ALLEGATIONS

8.

Defendant Credence Resource Management LLC is a debt collector according to its website.[1]

9.

Defendant Credence Resource Management LLC is registered as a collection agency with the Minnesota Department of Commerce.

10.

Credence Resource Management LLC is licensed in Florida as a consumer collection agency.

11.

In short, Defendant Credence Resource Management LLC is a debt collector.

---

[1] Credence, available at (https://credencerm.com/) (last accessed June 25, 2021) (stating "This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for the purpose.")

12.

Defendant Credence Resource Management LLC regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the instrumentalities of interstate commerce, including the mails and the interstate telephone system.

13.

The principal purpose of Defendant Credence Resource Management LLC's business is the collect of any debts using the instrumentalities of interstate commerce, including the mails and the interstate telephone system.

14.

Defendant Credence Global Solutions LLC's "expertise" is "[d]elivering transformational business solutions to expand [their customer's] current revenue," solutions that include "Post Write-off Services" such as "Accounts Receivables Management/Collections."[2]

15.

In short, Defendant Credence Global Solutions LLC is a debt collector.

_____

[2] Medical Groups | Service Solutions, Credence Global Solutions, available at (https://credencegs.com/service-solutions/healthcare/medical-groups/) (last accessed June 25, 2021).

16.

Defendant Credence Global Solutions LLC regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the instrumentalities of interstate commerce, including the mails and the interstate telephone system.

17.

The principal purpose of Defendant Credence Global Solutions LLC's business is the collect of any debts using the instrumentalities of interstate commerce, including the mails and the interstate telephone system.

18.

Defendant Kriya Capital LLC is an investment firm that owns both Defendants Credence Resource Management LLC and Credence Global Solutions LLC.

19.

Defendant Kriya Capital LLC is not a passive owner of the other defendants, but instead integrates "operational expertise" in the companies it invests in, "working together as partners" through a "team empowered to build [their] family of enterprises."[3]

---

[3] Kriya Capital LLC, available at (https://kriya-capital.com/) (last accessed June 25, 2021).

20.

The principals of Defendant Kriya Capital LLC "have more than 75 years of combined Transactional and deep operating Experience building, buying, and operating service organizations in sectors like Receivables Management[.]"[4]

21.

As part of Defendant Kriya Capital LLC's investment criteria, they seek companies "[s]pecializing in Business Process Services (BPS) with focus on Receivables Management and Revenue Cycle Management for Healthcare[.]"[5]

22.

The portfolio of companies owned, managed, and operated by Kriya Capital LLC includes Defendants Credence Resource Management LLC and Credence Global Solutions Inc.[6]

---

[4] About Us | Kriya Capital LLC, available at (https://kriya-capital.com/about-us) (last accessed July 25, 2021).

[5] About Us | Kriya Capital LLC, available at (https://kriya-capital.com/about-us) (last accessed July 25, 2021).

[6] *See,* About Us | Kriya Capital LLC, available (https://kriya-capital.com/portfolio) (last accessed June 25, 2021) (identifying Defendant Credence Resource Management as one of its portfolio companies); About Us | Credence Global Solutions, available at (https://credencegs.com/about-us/) (last accessed June 25, 2021) (listing the principals of Kriya Capital LLC, Karan Nagi and Rick Hunter, as the managing partner and partner of

23.

Upon information and belief, Defendant Kriya Capital LLC focused on accounts receivables solutions—collection—companies for its acquisitions based on the information on its website, the companies in its portfolio, and the companies it has identified as having acquired in the last 3 years.[7]

24.

Upon information and belief, Defendant Kriya Capital LLC, its partners and managing team, are actively involved in the operation and control of Defendant Credence Resource Management LLC and Defendant Credence Global Solutions LLC.

25.

Upon information and belief, the officers, directors, managers, and other directors of Defendant Credence Resource Management LLC and Defendant Credence Global Solutions LLC are the same as each other, and work for and/or direct Defendant Kriya Capital LLC.

---

Credence Global Solutions, and Defendant Credence Resource Management LLC as one of its portfolio companies).

[7] *See* Press | Kriya Capital LLC, available at (https://kriya-capital.com/press) (last accessed June 25, 2021) (identifying the purchase of a collection agency named "Specialist Inc" in 2019, and another collection agency named Medstat in 2020).

26.

In short, Defendant Kriya Capital LLC, through its operation and control of Defendant Credence Resource Management LLC and Defendant Credence Global Solutions LLC, is a debt collector.

27.

Defendant Kriya Capital LLC, through its operation and control of Defendant Credence Resource Management LLC and Defendant Credence Global Solutions LLC, regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the instrumentalities of interstate commerce, including the mails and the interstate telephone system.

28.

The principal purpose of Defendant Kriya Capital LLC's business, through its operation and control of Defendant Credence Resource Management LLC and Defendant Credence Global Solutions LLC, is the collect of any debts using the instrumentalities of interstate commerce, including the mails and the interstate telephone system.

29.

Defendants began to regularly call Ms. Jackson seeking to collect a debt allegedly owed by her mother in 2020.

30.

Ms. Jackson does not possess a complete call log because of limitations on her phone's history.

31.

However, Ms. Jackson logged more than 50 calls from Defendants from July 7, 2020, through August 7, 2020 alone, and the calls began prior to July 7, 2020, and continued after August 7, 2020.

32.

The alleged debt that Defendants sought to collect was, upon information and belief, in default at the time the debt was placed with Defendants for collection.

33.

The alleged debt Defendants sought to collect was, upon information and belief, was for medical services provided to Ms. Cole—Plaintiff's mother.

34.

The alleged debt was for personal, family, or household purposes as it was an alleged medical debt and not a business or commercial debt.

35.

The callers sought to collect the alleged debt from Ms. Jackson despite Ms. Jackson not owing the alleged debt.

36.

Upon information and belief, the alleged debt was for an incorrect amount.

37.

Ms. Jackson received no written notices required by 15 U.S.C. §§ 1692 *et seq.*, and upon information and belief no such notices were sent to Ms. Jackson.

38.

Defendants' employees repeatedly failed to communicate their identity or provide any of the verbal notices required by the FDCPA, 15 U.S.C. §§ 1692 *et seq.*

39.

Defendants' employees disclosed the purpose of their call was an effort to collect a debt, they attempted to collect the alleged debt from Ms. Jackson, and the calls were not intended to locate a third party.

40.

Ms. Jackson repeatedly told Defendants to cease calling her.

41.

Ms. Jackson repeatedly told Defendants that she was not her mother.

42.

Ms. Jackson repeatedly told Defendants that she did not owe her mother's medical debts.

43.

Defendants kept repeatedly and continuously calling nonetheless.

44.

The calls were from numbers identified with Defendants.

45.

The callers identified themselves as calling on behalf of Credence, presumably Defendant Credence Resource Management LLC or Defendant Credence Global Solutions LLC, or both, and at the direction and control of Defendant Kriya Capital LLC.

46.

The calls were to Ms. Jackson's personal mobile number.

47.

The calls caused Ms. Jackson to be repeatedly, and daily, interrupted despite her request to be left alone.

48.

One or more of the calls were to Ms. Jackson while she was in the State of Georgia.

49.

The calls caused Ms. Jackson to become stressed whenever she received a call, believing it might be from Defendants.

50.

The calls interrupted Ms. Jackson's ability to freely use her phone, causing calls she was on to be interrupted or preventing her from otherwise enjoying the use of her phone free from repeated and harassing interruptions from Defendants.

51.

Ms. Jackson felt hounded, harassed, oppressed, and abused.

52.

Defendants' sought to collect the debt from Ms. Jackson, rather than her mother, and their repeated calls led Ms. Jackson to believe they would not stop calling her unless she paid a debt she did not owe.

53.

Ms. Jackson suffered emotional distress from the repeated calls.

54.

Ms. Jackson instead turned to legal counsel for help.

55.

Ms. Jackson retained legal counsel to stop these hounding calls and incurred legal fees for her counsel's representation.

56.

Ms. Jackson's legal counsel sent pre-suit ante-litem letters pursuant to Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq.*, to each Defendant in this case.

57.

The calls did not stop until after Ms. Jackson hired legal counsel to represent her.

58.

Ms. Jackson had hire lawyers and incur legal costs to make the calls from Defendants stop.

59.

None of the Defendants responded to these pre-suit letters.

60.

Upon information and belief, Defendant Credence Resource Management LLC is in competition with other accounts receivable

companies—including those who specialize in the collection of medical debts.

61.

Upon information and belief, Defendant Credence Global Solutions LLC is in competition with other accounts receivable companies—including those who specialize in the collection of medical debts.

62.

Upon information and belief, Defendant Kriya Capital LLC is in competition with other accounts receivable companies—including those who specialize in the collection of medical debts.

63.

The actions of each Defendant, including the manner and methods used to collect medical debts from consumers or their families in the State of Georgia such as Ms. Jackson in this case, impact the consumer marketplace for the provisioning and payment of medical services by consumers.

64.

Defendants Credence Resource Management LLC, Credence Global Solutions LLC, and Kriya Capital LLC are subject to the provisions of Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq.*

65.

Georgia's Fair Business Practices Act is intended to "protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state" and is intended to be "liberally construed and applied to promote its underlying purposes and policies."  O.C.G.A. § 10-1-391(a).

66.

Georgia's Fair Business Practices Act imposes a duty on all businesses and individuals to refrain from engaging in "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce."  O.C.G.A. § 10-1-393(a).

## CAUSES OF ACTION

### Count 1
*Violations of the Fair Debt Collection Practices Act*

67.

Defendants' efforts to collect an incorrect amount for the Alleged Debt from Ms. Jackson violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

16

68.

Defendants' efforts to collect a debt from Ms. Jackson that she did not owe, and was allegedly owed by another, violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

69.

Defendants' repeated calls to Ms. Jackson in an effort to harass, intimidate, oppress, or abuse her violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

70.

Defendants' repeated phone calls to Ms. Jackson despite her demand that they cease, despite her stating she did not owe the debt, despite her stating that she does not owe the debts owed by her mother, and/or with the knowledge that the calls we being made at time and at a place (and through a method) that was inconvenient to Ms. Jackson violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

71.

Defendants' repeated calls to Ms. Jackson despite not possessing the consent of Ms. Cole or Ms. Jackson to communicate with Ms. Jackson about Ms. Cole's debt, and without any other authority to contact Ms. Jackson

about Ms. Cole's debt, violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

73.

Defendants' false, deceptive, or misleading representations to Ms. Jackson as to whether she owed or was responsible for the debt in connection with Defendant's attempt to collect the Alleged Debt violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

74.

Defendants' used o unfair or unconscionable means in their attempt to collect the Alleged Debt, including their repeated and continuous calls to Ms. Jackson and requesting she pay the Alleged Debt owed by Ms. Cole, violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

75.

Defendants failure to send Ms. Jackson a written notice of her rights pursuant to 15 U.S.C. § 1692g within five days of their initial

communication with Ms. Jackson violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

76.

As a result Defendants' actions in violation of the FDCPA, Ms. Jackson had her privacy invaded, suffered stress, anxiety, and emotional distress—otherwise known as garden-variety emotional distress—and incurred legal costs to hire counsel to represent her regarding Defendants' actions to try and collect the Alleged Debt from Ms. Jackson.

77.

Further, Defendants' violations of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, make them liable to Ms. Jackson for not just the actual damages identified above, but also for statutory damages of up to the maximum of $1,000 for each Defendant, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).


**Count 2**
*Violations by Defendants of Georgia's Fair Business Practices Act*

78.

Defendants' repeated and continuous phone calls to Ms. Jackson in an effort to harass, oppress, and abuse her to the point she would pay a debt she

did not owe are unfair or deceptive acts or practices in the conduct of consumer transactions.

79.

Defendants' false, misleading, or deceptive representations to Ms. Jackson as to the amount of the alleged debt, and whether she was responsible for the Alleged Debt, are unfair or deceptive acts or practices in the conduct of consumer transactions.

80.

Upon information and belief, each Defendants' actions as described above were done intentionally in order to try and harass, oppress, intimidate, and abuse Plaintiff into paying the alleged debt—in short, Defendants' representations were made with the intent to cause Plaintiff to rely upon them so that she would feel forced to pay a debt she did not owe in order to make the harassment, oppression, and abuse stop.

81.

Plaintiff relied upon the representations of Defendants as to whether she was responsible to for the Alleged Debt, and whether the only way to end the repeated and continuous phone calls to collect the Alleged Debt was to pay it even if she did not owe it.

82.

As a result of Defendants' unfair and deceptive acts or practices in the conduct of consumer transactions, Plaintiff suffered an invasion of her privacy, stress, anxiety, and emotional distress—otherwise known as garden-variety emotional distress—and incurred legal costs and legal fees to investigate Defendants' allegations in an amount to be shown with more particularity at a later date.

83.

Defendants compete within their respective consumer marketplaces with other companies who seek to collect medical debts, and their actions in disregard to Georgia's FBPA, O.C.G.A. §§ 10-1-390 *et seq.*, impact the consumer marketplace by creating an unfair competitive disadvantage to those companies who do comply with Georgia's FBPA, O.C.G.A. §§ 10-1-390 *et seq.*

84.

Upon information and belief, Defendants have practiced the same disregard for consumer rights visited upon Plaintiff by their acts complained of in this case with other consumers, and the consumer transactions that compose Plaintiff's claims are therefore not private transactions, but instead

impact the entirety of the consumer marketplace relating to Defendants' actions.

85.

Defendants' unfair and deceptive acts or practices in the conduct of consumer transactions violate Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.* (the "FBPA").

86.

Defendants' violation of the FBPA makes each Defendant liable to Plaintiff for the actual damages detailed above to be shown with more particularity at a later date.  O.C.G.A. § 10-1-399(a).

87.

Defendants' violation of the FBPA makes each Defendant liable to Plaintiff for "reasonable attorneys' fees and expenses of litigation incurred," "irrespective of the amount in controversy."  O.C.G.A. § 10-1-399(d).

88.

Defendants' intentional acts in violation of Georgia's FBPA also make each Defendant liable to Plaintiff for treble damages.  O.C.G.A. § 10-1-399(c).

89.

Plaintiff further seeks to enjoin Defendants from continuing to contact her regarding any alleged debt pursuant to O.C.G.A. § 10-1-399(a).

### Count 3
*Punitive Damages Against Defendants Under Georgia's FBPA*

90.

Plaintiff has a statutorily created right to "exemplary damages," sometimes also called punitive damages, pursuant to O.C.G.A. § 10-1-399(a) for intentional violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*

91.

Defendants' intentional acts in violation of Georgia's FBPA also make each Defendant liable for "exemplary damages," sometimes also called punitive damages, pursuant to O.C.G.A. § 10-1-399(a), in an amount to be determined by the enlightened conscious of a jury.

### <u>JURY DEMAND</u>

92.

Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff prays that this Court:

(1)     Find all Defendants liable for violations of the Fair Debt Collection Practices Act for the reasons stated in the Complaint above;

(2)     Award Plaintiff the full $1,000 statutory damages for each Defendants' FDCPA violations;

(3)     Award Plaintiff actual damages in an amount to be shown with more particularity at a later date;

(4)     Find Defendants liable for actual damages in an amount to be shown with more particularity at a later date for their violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*;

(5)     Find Defendants liable for treble damages for their intentional violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(c);

(6)     Find Defendants liable for punitive damages for their intentional violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(a);

(7)     Award Plaintiff reasonable attorney's fees and costs in accordance with the FDCPA 15 U.S.C. § 1692k(a)(2)-(3);

(8)     Award Plaintiff reasonable attorney's fees and costs in accordance with the Georgia's FBPA, O.C.G.A. § 10-1-399(d), for Defendants' violations of Georgia's Fair Business Practices Act;

(9)     Award Plaintiff the reasonable costs of this action;

(10)    Award Plaintiff other expenses of litigation;

(11)    Grant Plaintiff such other and additional relief as the Court deems just and equitable.
        [SIGNATURES AND DATE ON FOLLOWING PAGE.]

Respectfully submitted this <u>30 June 2021</u>.

<u>/s/ John William Nelson</u>
John William Nelson
State Bar No. 920108

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.     404.348.4462
Fax.    404.549.6765

<u>/s/ Daniel E. DeWoskin</u>
Daniel E. DeWoskin
Georgia Bar #220327

DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, Georgia 30030
*Phone* (404) 987-0026
*E-mail* dan@atlantatrial.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B).  The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14-point font.

**DATED:**     30 June 2021

/s/ John William Nelson
John William Nelson
State Bar No. 920108

*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.     404.348.4462
Fax.   404.549.6765